IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY NATHANIEL MACDONALD                                          PLAINTIFF

v.                              Civil No. 4:18-cv-04024

NURSE S. KING; NURSE LORI; NURSE
CHELSIE; OFFICER SHOEMAKER; CORPORAL
SANDERS; SERGEANT HENDERSON;
SERGEANT GRIFFIE; CORPORAL ROGERS;
OFFICER PATTERSON; and OFFICER HANNING            DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Roy Nathaniel MacDonald filed this 42 U.S.C. § 1983 action *pro se* on February 20, 2018.  (ECF No. 1).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.  (ECF No. 31).  Defendants have filed a Responses in opposition to the motion.  (ECF Nos. 33, 34).

## I.  BACKGROUND

Plaintiff is currently being held in the Miller County Detention Center ("MCDC") awaiting trial on pending criminal charges. Plaintiff's Complaint alleges in part that his constitutional rights are being violated because he is subjected to "constant illumination", "electromagnetic frequency" mind control weaponry, denial of adequate medical care, unjustified lockdowns, interference with filing legal paperwork, and excessive force.  (ECF No. 1, pp. 4-6).  On June 13, 2018, Plaintiff filed the instant motion for injunctive relief stating:

> "I do not feel safe at Miller County Correctional Center.  I am having my mind read in an offensive and aggressive manner…I am in fear of serious irreparable harm…I believe their are upper level employees involved in my civil action who may be deliberately indifferent to this motion being pushed through…"

1

(ECF No. 31).  Plaintiff does not specify how or what he desires the Court to do to accommodate his request for injunctive relief.

Defendants filed their Responses arguing Plaintiff's motion should be denied because 1) they are not engaged in any activities that could be construed as mind-reading; 2) they are not hindering Plaintiff from filing paperwork with the Court; 3) they are not harassing Plaintiff; 4) they have not used electromagnetic frequency as a means of causing Plaintiff emotional or psychological harm; and 5) they have not withheld medical care from Plaintiff.  (ECF No. 33).  In addition, Defendants argue Plaintiff has failed to allege sufficient facts to support the issuance of a temporary restraining order and has not provided any documentation (medical or otherwise) that he will sustain irreparable harm in the absence of injunctive relief.  (ECF No. 35).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions.  In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.  *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).  While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer

irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976).  The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).  In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. DISCUSSION

Plaintiff asks this Court to issue an injunction because he is being subjected to "constant illumination", his mind is being read, and he believes individuals at the MCDC are hindering his ability to file his motion for injunctive relief.  Plaintiff has not specified exactly how he wants the Court to administer any injunctive relief, and even if he had done so, the *Dataphase* factors do not support injunctive relief in this case.

In his Complaint Plaintiff alleges Defendants have engaged in electronic magnetic mind control, have denied him medical care, used excessive force against him, subjected him to unlawful lock downs, interfered with the filing of various legal paperwork and denied him medical care. However, at this stage of the litigation the Court is unable to determine, what, if any, likelihood Plaintiff has of prevailing on the merits of any of his claims. Defendants deny they have engaged in any actions that violate Plaintiff's civil rights and there is no question Plaintiff has been successful in filing lawsuits and related paperwork with this Court.

Moreover, Plaintiff has not demonstrated he will suffer any irreparable harm if injunctive relief is denied.  Plaintiff has not provided the Court with any evidence that he is being subjected to "constant illumination", having "his mind read in an offensive or aggressive manner", or that he is suffering irreparable harm because of the alleged actions of the Defendants.   Without a

finding of irreparable injury, a preliminary injunction should not be issued.  *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir. 1989) (*en banc*).

The Court must also balance the harm and injury to Defendants if an injunction is granted and assess whether the issuance of an injunction would be in the public interest. In assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States."  *Meachum v. Fano*, 427 U.S. 215, 229 (1976).  Granting injunctive relief at this point based on Plaintiff's unsubstantiated and unverified allegations would amount to direct interference by the Court with the operation and administration of the MCDC which is harmful to Defendants and does not serve any public interest.  As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  *Goff*, 60 F.3d at 520.

### IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 31) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 10th day of July 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE